IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRELL ELAINE SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-241-JFH-SPS |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Terrell Elaine Sanders requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED to the ALJ for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which

exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951).  *See also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was fifty-eight years old at the time of the most recent administrative hearing (Tr. 46).  She completed the twelfth grade and has worked as a bank teller and jailer (Tr. 230, 494).  The claimant alleges inability to work since December 11, 2013, due to depression, fibromyalgia, and lower back pain (Tr. 229).

## Procedural History

On February 6, 2014, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85.  Her applications were denied.  ALJ Deirdre O. Dexter conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated July 28, 2015 (Tr. 22-33).  The Appeals Council denied review, but this Court reversed in Case No. CIV-16-474-SPS and remanded with instructions for the ALJ to properly consider the other source opinion of the claimant's physical therapist (Tr. 575-585).  While this case was on remand, the claimant filed subsequent claims under Title II and Title XVI for disability benefits on September 1, 2016, and the claimant was found disabled beginning July 29, 2015.  On remand in this case, ALJ Michael Mannes held a subsequent administrative hearing and again determined the claimant was not disabled, from December 11, 2013 through July 29, 2015, in a written opinion dated March 28, 2019 (Tr. 487-495).  The Appeals Council again denied review, so ALJ Mannes's written opinion is the

Commissioner's final decision for purposes of this appeal.  *See* 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

ALJ Mannes made his decision at step four of the sequential evaluation.  He found that the claimant had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), but that the claimant could only occasionally climb ramps/stairs and stoop, and that she could frequently balance, kneel, crouch, and crawl, but that she could never climb ladders/ropes/scaffolds (Tr. 491).  ALJ Mannes thus concluded that the claimant was not disabled because she could return to her past relevant work as a bank teller or jailer (Tr. 494).

### Review

As with the claimant's previous appeal to this Court, the claimant's sole contention of error here is that the ALJ failed to properly assess the opinion of her physical therapist, Michele Shahan-Hale, PT.  The undersigned Magistrate Judge agrees, and the decision of the Commissioner should be reversed and the case remanded for further proceedings.

ALJ Mannes determined that the claimant had the severe impairment of degenerative disc disease, as well as the nonsevere impairments of depression and fibromyalgia (Tr. 490).  As relevant to this appeal, the medical records reveal that the claimant was assessed with right-sided sacroiliitis and fibromyalgia, based on an MRI showing a very subtle posterior disk bulge at L4-5 with no stenosis and only mild facet hypertrophy, as well as nonspecific abnormal soft tissue signal in the paravertebral soft tissues at L2-3, and mild levoscoliosis with no abnormal enhancement in the L2-3 area

(Tr. 310, 332-334). An MRI of the lumbar spine also revealed mild early degenerative disc and joint disease (Tr. 335). The claimant underwent multiple steroid injections for lumbar degenerative disk disease and sacroiliitis (Tr. 317, 330, 411).

In February 2013, the claimant began physical therapy for sacroiliitis, with noted problems of decreased core strength SI dysfunction, and pain (Tr. 470). She was seen for four visits and was discharged after that upon her request (Tr. 473). Notes reflect the claimant reported other medical problems contributing to back pain that she wanted to resolve outside of physical therapy (Tr. 473).

As discussed in this Court's previous Order, on June 9, 2015, licensed physical therapist Michele Shahan-Hale conducted a Disability Work Assessment/Physical Capacities Evaluation of the claimant (Tr. 475). At this in-person examination, Ms. Shahan-Hale observed that the claimant could perform at a level of less than sedentary work with a maximum occasional lifting ability of twelve pounds. She explained that although the claimant could lift twelve pounds, her body mechanics were poor, which created a safety issue (Tr. 475). She noted that the claimant demonstrated a full and consistent effort, and Ms. Shahan-Hale believed the results obtained were a valid assessment of the claimant's functional ability on that day (Tr. 476). She thus recommended that the claimant work at a less than sedentary level with a maximal occasional lift ability of twelve pounds, based on the Dictionary of Occupational Titles definition. Moreover, she found that the claimant could stand/walk no more than two hours in an eight-hour workday, with additional exertional and non-exertional limitations including, *inter alia*, only occasionally climbing, balancing, stooping, handling, and

fingering, while never crouching, kneeling, crawling, or reaching (Tr. 476, 480). Ms. Shahan-Hale then concluded that, based on her 2.5 hours of examination, the claimant "was unable to demonstrate the ability to work safely within the sedentary level based on the Dictionary of Occupational Titles. She demonstrated balance and safety issues, inability to safely carry, lift, reach, stand and walk, and sit for periods of time, all of which matched her medical history and subjective reports." (Tr. 482). No other consultative or treating notes in this record contain a functional evaluation of the claimant's abilities based on an in-person examination.

State reviewing physicians determined that the claimant could perform light work, with the additional limitations of only occasionally climbing ramps/stairs and stooping, never climbing ladders/ramps/scaffolds, and only frequently balancing, kneeling, crouching, and crawling (Tr. 95-97 118-120). These opinions predate Ms. Shahan-Hale's evaluation.

In his written opinion at step four, ALJ Mannes briefly mentioned the claimant's hearing testimony and summarized much of the medical evidence in the record (Tr. 491-494). In particular, he noted the diagnoses of degenerative disc disease and fibromyalgia (Tr. 492). He assigned great weight to the opinions of the state reviewing physicians, finding them consistent with the longitudinal record (Tr. 493). He then assigned diminished weight to Ms. Shahan-Hale's opinion. He stated that she was not an acceptable medical source, and that her restriction of the claimant to sedentary work was not consistent with the longitudinal record that had evidence of "intact strength, only mild to moderate pain symptoms, and an intact range of motion with a stable, normal gait" (Tr. 493). He

then assigned little weight to a nurse practitioner's assessment from 2018, noting she was not an acceptable medical source and her opinion did not address the relevant time period for this review (Tr. 493). He then concluded that the claimant could return to her past relevant work (Tr. 494).

Social Security regulations provide for the proper consideration of "other source" opinions such as the opinion provided by Ms. Shahan-Hale herein, as this Court noted in its previous opinion. *See, e. g., Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (noting that other source opinions should be evaluated with the relevant evidence "on key issues such as impairment severity and functional effects" under the factors in 20 C.F.R. §§ 404.1527, 416.927), *quoting* Soc. Sec. Rul. 06-03p, 2006 WL 2329939 at *3, *6 ("[T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."). The factors for evaluating opinion evidence from "other sources" include: (i) the length of the relationship and frequency of contact; (ii) whether the opinion is consistent with other evidence; (iii) the extent the source provides relevant supporting evidence; (iv) how well the source's opinion is explained; (v) whether claimant's impairment is related to a source's specialty or area of expertise; and (vi) any other supporting or refuting factors. *See* Soc. Sec. Rul. 06-03p, at *4-5; 20 C.F.R. § 404.1527(d). *See also Anderson v. Astrue*, 319 Fed. Appx. 712, 718 (10th Cir. 2009) ("Although the ALJ's decision need not include an *explicit discussion* of each factor, the record must reflect that the ALJ *considered* every factor in the weight

calculation.") [emphasis in original] [internal citations omitted].  Here, the ALJ failed to properly apply these factors in evaluating the claimant's RFC.  *See, e. g., Anderson v. Astrue*, 319 Fed. Appx. 712, 718 (10th Cir. 2009) ("Although the ALJ's decision need not include an *explicit discussion* of each factor, the record must reflect that the ALJ *considered* every factor in the weight calculation.").  The ALJ's rejection of an "other source" opinion, without appropriate consideration, represents a significant misunderstanding with regard to the evidence and directly relates to findings regarding the claimant's RFC.  Here, Ms. Shahan-Hale's opinion represents the only physical examination of the claimant in the record that also contained an opinion on her functional limitations.  Rather than rejecting her opinion as inconsistent with longitudinal records (that did not contain physical functional examinations), the ALJ should instead have properly applied the factors to determine the functional effects of the claimant's impairments before adopting the opinions of the state reviewing physicians, which still predate Ms. Shahan-Hale's evaluation.  In particular, the ALJ focused on the "consistency" factor while ignoring the extent Ms. Shahan-Hale supported her examination findings, the detail of her findings, and that this was directly in her area of specialty.  *See, e. g., Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (noting that other source opinions should be evaluated with the relevant evidence "on key issues such as impairment severity and functional effects" under the factors in 20 C.F.R. §§ 404.1527, 416.927), *quoting* Soc. Sec. Rul. 06-03p, 2006 WL 2329939 at *3, *6 (Aug. 9, 2006) ("[T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to

follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.").

Because the ALJ again failed to properly analyze the evidence of record as to the claimant's limitations, the Commissioner's decision should be reversed and the case remanded for further analysis by the ALJ. If such analysis results in adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 23rd day of February, 2021.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**